NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1967
_____

UNITED STATES OF AMERICA

v.

DANIEL PASSARELLA,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 10-po-00005)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2012

Before:  AMBRO, CHAGARES and HARDIMAN, *Circuit Judges*

(Filed: January 31, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Daniel Passarella appeals his judgment of sentence after pleading guilty to

possession of a controlled substance and to speeding in the Delaware Water Gap National

Recreation Area (DWG).  His attorney has moved to withdraw under *Anders v.*

*California*, 386 U.S. 738 (1967).  For the following reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment.

I

Because we write only for the parties, we recount only the essential facts and procedural history.

National Park Service rangers stopped Passarella in the DWG after their radar indicated that he was traveling ninety-three miles per hour.  During the traffic stop, they smelled marijuana and asked Passarella if he had drugs in his vehicle.  Passarella admitted that he did.  A search of the vehicle produced approximately three grams of marijuana, a package of rolling papers, seven $100 bills, and sixteen designer purses.  Passarella received violation notices for possession of a controlled substance and speeding in the DWG.  *See* 36 C.F.R. §§ 2.35, 4.21.

On June 18, 2010, Passarella appeared in a group proceeding before a Magistrate Judge, who advised the offenders of their rights at trial and the maximum penalties for their offenses.  The Magistrate Judge also informed them of their right to counsel and stated that he was not bound by the Government's recommendations regarding their respective penalties.

The Magistrate Judge then addressed Passarella individually to ensure that he understood his rights, was not under the influence of any controlled substances, wished to

have counsel appointed, and admitted the facts as related by the Government. Passarella pleaded guilty to both offenses. The Magistrate Judge deferred sentencing pending completion of a presentence investigation report (PSR).

On March 1, 2011, the Magistrate Judge held a sentencing hearing. Passarella's counsel requested a non-custodial sentence, arguing that Passarella had refrained from substance abuse during pre-trial and post-plea supervision, the longest period he had remained "clean" since he began abusing drugs. Counsel also emphasized that incarceration would disrupt Passarella's employment. Finally, counsel noted that Passarella was cooperative and that the Government recommended only a fine.

The Magistrate Judge found significant that the PSR reflected nineteen arrests and twelve convictions, eight of which were drug-related. He also observed that Passarella tested positive for marijuana on the day of his plea and, based on his extensive drug use, was likely to recidivate. The Magistrate Judge declined to impose a non-custodial sentence but, acknowledging Passarella's arguments, stated that he was opting to impose a less severe sentence than he initially had contemplated.

Passarella was sentenced to three months of incarceration for the controlled substance offense and one year of probation for the speeding offense. In addition, he was fined $200 and ordered to pay a $70 special assessment and processing fee. Passarella appealed his sentence to the District Court, which affirmed on March 30, 2011.

This timely appeal followed. Counsel now seeks to withdraw pursuant to *Anders*, asserting that there are no non-frivolous issues for appeal.[1]

## II

We exercise plenary review over an *Anders* motion. *See Penson v. Ohio*, 488 U.S. 75, 82–83 & n.6 (1988). Under *Anders*, we ask: (1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009).

To meet the first prong, counsel must "satisfy the court that [he] has thoroughly examined the record in search of appealable issues[] and . . . explain[ed] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). Counsel need not reject every possible claim. *Id.* Rather, he must "provide[] sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Id.* at 301 (quoting *Marvin*, 211 F.3d at 781).

"Where the *Anders* brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself.'" *Id.* (quoting *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996)). If we "find[]

___

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have

arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, [we] will appoint substitute counsel, order supplemental briefing and restore the case to the calendar." 3d Cir. L.A.R. 109.2(a). However, "we will not appoint new counsel even if an *Anders* brief is insufficient" if the "frivolousness [of the appeal] is patent." *Coleman*, 575 F.3d at 321 (quoting *Marvin*, 211 F.3d at 781) (internal quotation marks omitted).

We are satisfied that Passarella's attorney has examined the record for appealable issues and has explained why none of arguable merit exist. Counsel identified three appealable issues: (1) the District Court's jurisdiction, (2) the voluntariness of Passarella's guilty plea, and (3) the reasonableness of the District Court's sentence. Counsel correctly argued that a challenge to any of the three would be frivolous.

First, the District Court had jurisdiction under 18 U.S.C. § 3231, as Passarella was charged with violating federal regulations, *see* 36 C.F.R. §§ 2.35(b), 4.21(c), which provide for fines of up to $500 and/or terms of imprisonment not exceeding six months, 16 U.S.C. § 3; 36 C.F.R. § 1.3(a). Because Passarella's offenses were Class B misdemeanors, *see* 18 U.S.C. § 3581(b), the Magistrate Judge had jurisdiction to enter a judgment of sentence, 28 U.S.C. § 636(a) (authorizing United States magistrate judges to enter sentences for "petty offenses"); 18 U.S.C. § 19 (defining a Class B misdemeanor as

---

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

5

a "petty offense").

Second, the Magistrate Judge complied with Federal Rule of Criminal Procedure 11(b) by ensuring that Passarella's plea was voluntary. The Magistrate Judge conducted a group colloquy, informing multiple defendants of their rights with respect to trial. The Magistrate Judge then personally addressed Passarella to verify that he understood the colloquy, was not under the influence of controlled substances, admitted to the facts as related by the Government, and understood the terms of his plea agreement.

Finally, Passarella's sentence was reasonable. Because Passarella was charged with Class B misdemeanors, the Sentencing Guidelines did not apply. *See* USSG § 1B1.9. "In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(b)(1). The Magistrate Judge looked to Passarella's extensive record of drug convictions and found a high risk of recidivism. Nevertheless, the Magistrate Judge imposed a more lenient sentence than initially contemplated in light of Passarella's arguments that he had turned a corner by staying "clean" and employed. As these were appropriate factors to consider, any challenge to the reasonableness of Passarella's sentence would be frivolous.

III

We conclude that counsel adequately fulfilled the requirements of *Anders*, and an

6

independent review of the record reveals no non-frivolous ground for appeal. We therefore will affirm the District Court's judgment of sentence and grant counsel's motion to withdraw. Counsel also is relieved of any obligation to file a petition for writ of certiorari in the Supreme Court. 3d Cir. L.A.R. 109.2(b).